# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| RODNEY O'NEAL, | : |
| Petitioner, | : |
| VS. | : 1 : 09-CV-98 (WLS) |
| TERRY DUFFEY, Warden, | : |
| Respondent. | : |

## RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was signed on May 20, 2009, and filed on June 17, 2009.

The petitioner entered a guilty plea to charges of felony murder, driving with a suspended license, failure to return to the scene of an accident, failure to stop at a stop sign, no proof of insurance, and failure to wear a seat belt in the Superior Court of Ben Hill County on January 27, 2005. Petitioner was sentenced to life imprisonment on the felony murder charge, plus concurrent sentences of twelve (12) months for each of the remaining offenses. Petitioner did not appeal his convictions or sentences. Petitioner filed a state habeas corpus petition in the Superior Court of Hancock County on October 30, 2006. The state habeas court denied relief on April 11, 2007.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2). When this one-year grace period is applied to the facts herein it is clear that the petitioner failed to file this federal habeas petition in a timely manner.

After pleading guilty on January 27, 2005, the petitioner's convictions became "final" thirty (30) days later, or on February 28, 2005, when the thirty (30) day period for filing a notice of appeal, pursuant to O.C.G.A. § 5-6-38, expired. However, petitioner did not file an appeal, but waited 609 days before filing a state habeas corpus petition on October 30, 2006. By the time petitioner filed his state habeas petition, the one-year period for filing his federal habeas petition, or tolling said period with a properly filed state filing, had expired, as of March 1, 2006.

Additionally, the petitioner has not established the basis for equitable tolling of the time limitations. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief. Finally, the petitioner has not set forth any probative evidence of actual innocence. A claim of actual innocence must be supported "with new reliable evidence

2

. . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as this federal habeas petition was untimely filed, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 28th day of June, 2010.

*S/ THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

asb